ART DAVIS et al. v. STATE.

No. A-5154. Opinion Filed Oct. 17, 1925.
(239 Pac. 940.)

Roland & Robinson, for plaintiffs in error.

George F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

DOYLE, J.  The plaintiffs in error were convicted on an information charging that in Carter county, October 17, 1923, they did unlawfully manufacture certain intoxicating liquors, to-wit, corn whisky, and in accordance with the verdicts returned by the jury they were each sentenced to pay a fine of $100 and to be confined in the county jail for 60 days.  From the judgments rendered on the verdicts they appeal and assign as error that the verdicts of the jury were contrary to both the law and the evidence and are not sustained by sufficient evidence.

The state relied for this conviction upon the testimony of two witnesses.

John W. Ginn, deputy sheriff, testified that with Mr. Dunn he went northeast of Old Durwood between 1 and 2 o'clock in the afternoon on the 17th day of October to a point about a mile east of where the defendants Davis lived, and about half a mile from where the defend-

ant Hughey lived. That they saw smoke on a branch coming from the place where the still was. When they were about 20 feet from the still the defendants Doss Davis and Wayne Hughey ran. That they called to them to stop. The defendant Art Davis stood at the still. That the still was in operation, and whisky was running out of it.

Jesse Dunn, deputy sheriff, testified in substance to the same facts as did the witness Ginn, and further testified that when he arrested the three defendants they each stated that the still and whisky belonged to them.

On the part of the defense the testimony of several witnesses showed that there was a wolf hunt that forenoon on Wolf creek, in which a dozen or more persons participated, including the defendants, and that a wolf was killed. The defendants, testifying, each stated that in returning from the wolf hunt to their homes they found this still, and were there but a few minutes before the officers appeared. They also denied that they had admitted ownership of the still or the whisky. This conflict in the evidence presented a question as to the credibility of the witnesses and the weight to be given to their testimony, and of this the jury were the sole judges. The other assignments of error are not sustained by the record, and need not therefore be noticed.

We are unable, after a careful examination, to find anything in the record to create a doubt as to the correctness of the result, and, it appearing that the defendants had a fair trial, the judgments appealed from herein are affirmed.

BESSEY, P. J., and EDWARDS, J., concur.